SHANNON, Judge.
• The appellant sought to foreclose a mortgage given by Jesse P. Hodge and wife. The Chancellor, after the complainant’s evidence was in, dismissed the bill, decreeing that the plaintiff had failed to establish valid consideration for the mortgage, and it is this decree that is involved in this appeal.
Joseph C. Beck, appellant, in response to a newspaper advertisement placed by Shockley-King, Inc., entered into an agreement with Shockley-King, Inc., for advancement of money to it for the defendant, Hodge, in proceeding with construction of a house owned by said Hodge but, before the plaintiff paid the money to Shockley-King, Inc., he had a conversation with the defendant and looked over the building being constructed, at which time the defendant informed the plaintiff that Shockley-King, Inc. was handling the finances on the entire project. Subsequently, the plaintiff paid to Shockley-King, Inc., in various payments, a total of $5,750. He secured from Shockley-King, Inc. a note executed by the defendant in the amount of $5,850 and a mortgage. In the defendants’ answer, they deny that they received any consideration for the note but, they do allege that they received from Shockley-King, Inc., the agent of the plaintiff, the approximate sum of $2,500. The defendants also urge that usury was connected with the loan.
The Chancellor dismissed the suit, insofar as the plaintiff was concerned, at the conclusion of the plaintiff’s evidence.
The plaintiff offered in evidence the mortgage and note, and testified that he paid to Shockley-King, Inc., the total sum of $5,750. The question of whether Shockley-King, Inc., was an agent of the plaintiff or defendant was in issue. From the testimony of the plaintiff, it appears in the record that, other than the $2,500 admitted in the answer of the defendant, the defendant had not and could not obtain the proceeds of the loan from Shockley-King, Inc.
The plaintiff’s mortgage was placed of record and subsequently, the defendant, Hodge, entered into a contract with Vincent H. Savage and his wife, wherein he agreed to convey the property which was the subject of Beck’s mortgage.
We are concerned here only with the question of whether or not Beck made out a prima facie case for foreclosure.
Plaintiff has set out 7 assignments of error and, in his brief, he argues questions numbered 1, 2 and 4, together under the generic question of whether any consideration for the promissory note secured by the mortgage sought to be foreclosed by this action is shown by the pleadings or testi *49 mony of witnesses. In view of the fact that the Chancellor below dismissed the foreclosure upon the ground that the plaintiff had failed to establish valid consideration for the note and mortgage, we deem it unnecessary to pass on any question of whether or not the evidence showed a valid consideration moving to the defendant.
The plaintiff had established a prima facie case of payment to Shockley-King, Inc. of $5,750 and, likewise, had made out a prima facie case that Hodge had received from Shockley-King, Inc., approximately $2,500.
In Zabriskie v. Mack, 1942, 132 N.J. Eq. 516, 29 A.2d 199, we have everything present that is in the instant case except the question of agency. In that case a portion of the loan was paid to the mortgagor by a mortgage loan company but the loan company had defaulted in the payment to the mortgagor of the money loaned. In the Zabriskie case the loan company was held to have been his agent by testimony that is not pertinent to this case but, the mortgagor had received a portion of the money so loaned, and the court held that the mortgagee could foreclose the loan for the amount so paid to the mortgagor. By analogy and carrying the case forward, it could be assumed that if, in the Zabriskie case, the loan company had been held to have been an agent of the mortgagor, the entire mortgage could have been foreclosed hut, lacking the agency, the mortgage could only have been foreclosed for the amount obtained by the mortgagor.
The $2,500, which Hodge admitted having received from Shockley-King, Inc., negatives the decision of the Chancellor that there was no consideration for the mortgage and hence, it is necessary that we reverse this case.
Having decided that this case should be reversed on the questions that we have discussed, it will be unnecessary for us to pass on the question of usury, as well as on the question of the agency of Shockley-King, Inc.
There is an appeal between the identical parties, which was transferred to this court by the Supreme Court, to be dealt with in connection with the instant case, and no briefs having been filed therein, it will stand dismissed.
Reversed.
KANNER, C. J., and ALLEN, J., concur.